UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                                            )
                                                  )        BANKRUPTCY CASE NO.
FURNITURE 4 LESS, INC.,                           )
                                                  )        03-80924-HDH-7
            Debtor.                               )
--------------------------------------------------)
JOHN H. LITZLER, TRUSTEE,                         )
                                                  )
            Appellant,                            )
                                                  )        CIVIL ACTION NO.
VS.                                               )
                                                  )        3:05-CV-1005-G
D.M. REID ASSOCIATES,                             )
LTD./SOUTH,                                       )
                                                  )
            Appellee.                             )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the appellant John H. Litzler, Trustee

("Litzler") for reconsideration of this court's order dismissing his appeal from the

memorandum opinion on motion of various defendants for summary judgment

("memorandum opinion").  The jurisdiction of this court over an appeal from a

bankruptcy court's order is set forth in 28 U.S.C. § 158(a).  The statute provides that

district courts have jurisdiction to hear appeals:

> (1)  from final judgments, orders, and decrees;
>
> (2)  from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title;
>
> (3)  with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of . . . title [28].

28 U.S.C. § 158(a).  Thus, the statutory authority for jurisdiction "makes finality a prerequisite to appealability as a matter of right to a district court from a bankruptcy court order."  *Matter of Moody*, 825 F.2d 81, 84-85 (5th Cir. 1987).

In his motion, Litzler argues that this court's order and judgment were issued in error because the memorandum opinion was not a final order.  *See* Motion for Reconsideration of Judgment Dismissing Appeal for Want of Jurisdiction ("Motion for Reconsideration") at 1.  In particular, Litzler claims that the memorandum opinion did not become final and appealable until May 6, 2005, when the bankruptcy court entered its amended findings of fact and conclusions of law and related order on motions to alter and amend ("amended findings of fact").  *Id*. at 2.  Nevertheless, it is clear that the bankruptcy court never issued a final order in this case.  *See* Bankruptcy Court Docket Sheet.  As a result, Litzler's appeal is interlocutory and leave of the district court is required to bring an interlocutory

appeal.  *See* 28 U.S.C. § 158(a).  Since Litzler has not received leave of court to bring

this interlocutory appeal, the court declines to exercise jurisdiction.  Accordingly,

Litzler's motion for reconsideration is **DENIED**.

　　　　**SO ORDERED**.

July 13, 2005.

A. JOE FISH
CHIEF JUDGE